UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-23748-Civ-COOKE

ALTAVIS SYMONETTE,

    Petitioner,

v.

JULIE L. JONES, Secretary,
FLORIDA DEPARTMENT OF
CORRECTIONS,[1]

    Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

THIS MATTER is before me on Petitioner Altavis Symonette's Motion for Reconsideration (ECF No. 17). For the reasons that follow, the Motion for Reconsideration is denied.

**I.  BACKGROUND**

Pro se Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 16, 2012, challenging his state conviction for second degree murder. (ECF No. 1). On October 31, 2012, Magistrate Judge Patrick A. White entered an Order (ECF No. 6) requiring Petitioner to demonstrate why his petition should not be dismissed as untimely. Petitioner responded on November 28, 2012, citing the fact that he was transferred for medical reasons and unable to access his legal file for several months as accounting for the untimely filing of his state petition for habeas relief, and the consequent untimeliness of his federal habeas petition.[2] (ECF No. 9). Petitioner requested the Court to equitably toll the statute of

---

[1] Julie J. Jones replaced Michael D. Crews as Secretary of the Florida Department of Corrections and is substituted as party pursuant to Federal Rule of Civil Procedure 25(d).

[2] 28 U.S.C. § 2244(d)(1) provides, "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

1

limitations period to account for this period of time in which Petitioner was transferred. Respondent responded to an Order to Show Cause (ECF No. 7) setting forth reasons why this petition should be dismissed as untimely. (ECF No. 11).

On June 24, 2013, Judge White issued his report and recommendation, recommending that Petitioner's petition for writ of habeas corpus be denied as untimely. On October 29, 2013, I entered an Order adopting Judge White's report and recommendation, to which no objection had been filed. (ECF No. 15). More than one year later, Petitioner filed the instant Motion for Reconsideration. (ECF No. 17). The Motion for reconsideration again argues that the petition for writ of habeas corpus should be deemed timely under the doctrine of equitable tolling.

## II.   DISCUSSION

Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party…from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called instrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered

---

judgment of a State court. The limitation period shall run from the latest of – (A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review…." 28 U.S.C. § 2244(d)(2) further provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

Petitioner's Motion for Reconsideration fails to meet the standards for either Rule 59 or 60(b). Petitioner's Motion simply reiterates the same arguments he raised in this proceeding in response to Judge White's Order requiring him to present argument as to the statute of limitations issue. And while Petitioner claims that he has just recently received in writing information pertaining to the dates of his transfers, the document he attaches to his Motion for Reconsideration states that Petitioner was "just now requesting this information." (ECF No. 17 at 7 of 8). Petitioner's self-serving statements that he diligently sought proof that he was in fact transferred for medical reasons is therefore belied by the evidence he presents.

Moreover, Petitioner's Motion for Reconsideration is untimely. A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." A Rule 60(b)(1), (2), or (3) motion, the only section of Rule 60(b) which could potentially apply here, must be filed no later than "a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Petitioner's Motion for Reconsideration (ECF No. 17) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 25th day of September 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*